[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#107)
On May 15, 1995, the plaintiff, R R Pool Patio, Inc., filed a five count complaint in breach of contract, fraudulent misrepresentation, unjust enrichment, breach of the Connecticut Unfair Trade Practices Act (CUTPA) and foreclosure of a mechanic's lien against the defendant, Angela Marron. The plaintiff alleges in the complaint that it entered into an agreement with the defendant, acting through her agent and husband, Peter Marron, to install a swimming pool, perform landscaping and provide a swimming pool cover and accessories. The plaintiff further alleges that it provided these goods and services and that the defendant has failed to pay.
On October 10, 1995, the defendant filed a motion to strike counts four and five of the plaintiff s complaint, and a supporting memorandum of law. The plaintiff filed a memorandum in opposition on October 27, 1995. CT Page 14082
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Novametrix Medical Systems v. BOC Group, Inc.,224 Conn. 210, 214-15, 618 A.2d 25 (1992). "This includes the facts necessarily implied and fairly provable under the allegations . . . . It does not include, however, the legal conclusions or opinions stated in the complaint . . . ." S.M.S.Textile v. Brown, Jacobson, Tillinghast, Lahan and King, P.C.,32 Conn. App. 786, 796, 631 A.2d 340 (1993). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." Id. "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems v.BOC, Group, Inc., supra, 224 Conn. 215.
The defendant argues that she is not engaged in trade or commerce and therefore, the cause of action in CUTPA alleged in count four is legally insufficient. The plaintiff argues that because the defendant purchased goods and services from the plaintiff the defendant was engaged in a trade or commerce.
General Statutes § 42-110b(a) provides that "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." "In order to allege a CUTPA violation properly, the plaintiff must allege, inter alia, that the acts complained of were performed in a `trade or business.'" Quimby v. KimberlyClark Corp., 28 Conn. App. 660, 669, 613 A.2d 838 (1992). General Statutes § 42-11a(4) provides that "`[t]rade' and `commerce' means the advertising, the sale or rent or lease, the offering for sale or rent or lease, or the distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other article, commodity, or thing of value in this state."
The plaintiff has not alleged that the defendant was engaged in any trade or commerce, but rather that the defendant purchased goods and services from the plaintiff. "There is no allegation in the complaint that the defendant advertised, sold, leased or distributed any services or property to the plaintiff." Quimby v.Kimberly Clark Corp., supra, 28 Conn. App. 670. The defendant's CT Page 14083 motion to strike count four of the plaintiff's complaint should be granted.
The defendant has also moved to strike count five, in which the plaintiff seeks to foreclose on a mechanics lien, on the ground that it is legally insufficient.
The defendant has provided no legal authority in support of her contention, as is required by Practice Book § 155. Furthermore, the plaintiff has sufficiently alleged facts supporting an action in foreclosure of a mechanics lien. Accordingly, the defendant's motion to strike count five of the plaintiff's complaint should be denied.
WILLIAM F. HICKEY, JUDGE