EASTERN METAL PRODUCTS, INC. *v.* BRIAN
DEPERRY ET AL.
(15432)

O'Connell, Landau and Daly, Js.

Argued November 5, 1996—officially released January 7, 1997

*William A. Leone,* for the appellant (plaintiff).

*David W. Schoolcraft,* for the appellee (defendant Judi Caruso).

DALY, J. In this unjust enrichment action, the plaintiff appeals from the judgment rendered on the defendant tenant's motion to dismiss.

The plaintiff alleged that it had supplied materials to a contractor hired by the tenant to construct improvements on premises leased by her. The plaintiff further alleged that the contractor installed the materials on the premises, that the plaintiff had not been paid and that the materials were being used by and in possession of the tenant.

On the day of trial, no factual hearing was held, and the lease was not entered into evidence. Nevertheless, the trial court, sua motu, requested the tenant to make an oral motion to dismiss the action, which the court granted. The trial court based its ruling on its determination that the materials were affixed to the real estate and conferred no benefit on the tenant because she did not own the premises.

"Unjust enrichment is a very broad and flexible equitable doctrine; *Cecio Bros., Inc.* v. *Greenwich,* [156 Conn. 561, 564, 244 A.2d 404 (1968)]; which has as its basis that it is contrary to equity and good conscience for the defendant to retain a benefit which has come

to him at the expense of the plaintiff. *National CSS, Inc.* v. *Stamford,* 195 Conn. 587, 597, 489 A.2d 1034 (1985). Its three basic requirements are (1) that the defendants were benefited, (2) that the defendants unjustly did not pay the plaintiffs for the benefits, and (3) that the failure of payment was to the plaintiffs' detriment. *Montanaro Bros. Builders, Inc.* v. *Snow,* [4 Conn. App. 46, 53, 492 A.2d 223 (1985)]. All the facts of each case must be examined to determine whether the circumstances render it just or unjust, equitable or inequitable, conscionable or unconscionable, to apply the doctrine. *Cecio Bros., Inc.* v. *Greenwich,* supra, 565." (Internal quotation marks omitted.) *Bolmer* v. *Kocet,* 6 Conn. App. 595, 612–13, 507 A.2d 129 (1986). The relevant facts in the present case could not have been determined without an evidentiary hearing and an examination of the terms and conditions of the lease.

The judgment is reversed and the case is remanded for further proceedings.

In this opinion the other judges concurred.