[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, William Belcher, filed a five count revised complaint against the defendant, Goodway Printing Graphics, Inc., on March 3, 1997. The plaintiff alleges that he was employed as the president of Tandem Design Group ("Tandem"), a division of the defendant, in order to establish a new business unit for the plaintiff. "The parties agreed that the plaintiff's commission arrangement was intended as an incentive and reward for establishing and growing Tandem's business." The plaintiff claims that in 1995, his "compensation was changed by mutual oral agreement to include a 20% commission on all net profits of Tandem payable monthly." The plaintiff also states that the "defendant was constantly in arrears in paying the plaintiff's commissions" and "arbitrarily allocated additional costs to Tandem which had the intended effect of reducing Tandem's net CT Page 8069 profits and eliminating the plaintiff's commissions for the period of September through December, 1995."
According to the plaintiff, the profits of Tandem continued to rise and the defendant continued to reduce or delay the plaintiff's commissions.
The last commissions arrangement before the plaintiff's termination "stated that the payment of his commissions for the remainder of the year would be quarterly based on 20% of Tandem's quarterly net profits through December 31, 1996, and would not be paid until Tandem had reached target gross annual sales of $650, 000." The plaintiff further alleges that on August 7, 1996, the plaintiff informed the defendant that he estimated that net profits for the year would exceed the $650,000 target.
The plaintiff was terminated on August 14, 1996, allegedly "in order to deprive the plaintiff of his earned commissions for the first and second quarters and part of the third quarter of 1996, and to deny him the commissions he reasonably expected to receive for the third and fourth quarters of 1996."
The defendant filed a motion to strike counts two, three, four and five of the plaintiff's revised complaint. "Whenever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint, counterclaim or cross-claim, or of any one or more counts thereof, to state a claim upon which relief can be granted . . . that party may do so by filing a motion to strike the contested pleading or part thereof." Practice Book § 152. "The function of a motion to strike is to test the legal sufficiency of a pleading; it admits all facts well pleaded." Napoletano v. CIGNA Healthcare of Connecticut,Inc., 238 Conn. 216, 232, 680 A.2d 127 (1996), cert. denied, ___ U.S. ___, 117 S.Ct. 1106, ___ L.Ed.2d ___ (1997). "If facts provable under the allegations [of the complaint] would support a defense or a cause of action, the motion to strike must be denied." RK Constructors, Inc. v. Fusco Corp., 231 Conn. 381,384, 650 A.2d 153 (1994). "The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Waters v. Autuori, 236 Conn. 820, 825,676 A.2d 357 (1996).
The defendant's motion to strike count two of the plaintiff's revised complaint is denied. The plaintiff is using the public policy against the withholding of part wages, found in General CT Page 8070 Statutes § 31-71e, as the basis of his wrongful discharge claim. See Sheets v. Teddy's Frosted Foods, Inc., 179 Conn. 471,427 A.2d 385 (1980) (holding that an at will employee can assert a cause of action for wrongful termination if the termination violated some important public policy). The defendant asserts that because the plaintiff did not earn his commissions before his termination, he cannot base this common law claim for wrongful termination on General Statutes § 31-71e. This is incorrect. The plaintiff need not satisfy exactly all of the elements of the statute in order to use its underlying policy as the basis for a claim of wrongful termination.
The rules of law that govern when an employee at will can and cannot sue for wrongful termination also control when an employee at will sues for breach of the covenant of good faith and fair dealing. See Faulkner v. United Technologies Corp.,240 Conn. 576, 578, ___ A.2d ___ (1997). Therefore, the claim in count three must be based upon an alleged violation of an important public policy. See Sheets v. Teddy's Frosted Foods, Inc., supra,179 Conn. 471. Although an adequate public policy is enunciated in count two of the complaint, no such public policy is named in or incorporated into count three. Therefore, the defendant's motion to strike count three is granted.
The defendant seeks to strike the fourth count of the plaintiff's revised complaint, which asserts a cause of action for promissory estoppel. The defendant claims that there has been no misleading conduct and no consideration. The defendant also relies on the fact that the plaintiff was an employee at will and therefore claims that no liability for the plaintiff's termination can be imposed. "Under our well-established law, any claim of estoppel is predicated on proof of two essential elements: the party against whom estoppel is claimed must do or say something calculated or intended to induce another party to believe that certain facts exist and to act on that belief; and the other party must change its position in reliance on those facts, thereby incurring some injury." (Internal quotation marks omitted). Chotkowski v. State, 240 Conn. 246, 268, 690 A.2d 368
(1997). Promissory estoppel makes a defendant liable in contract for his promise, despite the lack of common law consideration. See D'Ulisse-Cupo v. Board of Directors of Notre Dame HighSchool, 202 Conn. 206, 213, 520 A.2d 217 (1987).
This count represents a claim for unpaid commissions, not unjust termination. Accordingly, the law concerning termination CT Page 8071 of an employee at will does not bar the plaintiff from asserting a claim of promissory estoppel. Furthermore, the plaintiff has alleged all of the necessary elements for this cause of action, of which an allegation of common law consideration is not required. Thus, the defendant's motion to strike count four of the plaintiff's revised complaint is denied.
The defendant moves to strike count five of the plaintiff's complaint based on the assertion that absent an employee contract there can be no liability for wrongful termination based upon breach of contract. Therefore, absent a breach of contract, the defendant claims that there cannot be unjust enrichment.
"Unjust enrichment is a very broad and flexible equitable doctrine . . . which has as its basis that it is contrary to equity and good conscience for the defendant to retain a benefit which has come to him at the expense of the plaintiff. . . . Its three basic requirements are (1) that the defendants were benefited, (2) that the defendants unjustly did not pay the plaintiffs for the benefits, and (3) that the failure of payment was to the plaintiffs' detriment." (Citations omitted; internal quotation marks omitted.) Eastern Metal Products, Inc. v.Deperry, 44 Conn. App. 60, 61-62, 686 A.2d 1003 (1997).
The defendant's argument that breach of contract must be alleged in a claim for unjust enrichment is incorrect. Breach of contract is not an element of a claim for unjust enrichment. The plaintiff has properly alleged a legally sufficient claim for unjust enrichment based upon the nonpayment of his commissions. Therefore, the defendant's motion to strike count five of the revised complaint is denied.
So Ordered.
Dated at Stamford, Connecticut, this, 25th day of July, 1997.
WILLIAM BURKE LEWIS, JUDGE