[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO STRIKE
By complaint dated April 7, 1997, the plaintiff, Paganelli Construction Corporation ("Paganelli"), brought an action against the defendants, United Natural Foods, Inc., f/k/a Cornucopia Foods, Inc. ("Cornucopia"), Boston Development Associates Construction Co. ("Boston Development"), American Casualty Company ("American Casualty"), and O'Really Construction Company, Inc. ("O'Really"). The plaintiff's complaint alleges that Cornucopia, as owner of land located in Dayville, Connecticut, contracted with Boston Development as the general contractor for construction on the property. Boston Development in turn subcontracted with, O'Really to perform work on the property. O'Really then subcontracted with the plaintiff, Paganelli, to perform this work.
The plaintiff further alleges that although it has formed all of the obligations under the terms of its subcontract with O'Really, the plaintiff has not been paid. On May 16, 1996, the plaintiff filed and served a mechanic's lien. By order of the court, a bond was substituted for the mechanic's lien, with Boston Development as principal and American Casualty as surety.
In count one of the plaintiff's complaint, the plaintiff claims rights under a bond substituted for a mechanic's lien. Count two alleges that CT Page 434 Cornucopia, as property owner, has been unjustly enriched. Count three alleges a breach of contract as to Cornucopia. Count four alleges that Boston Development has been unjustly enriched. Count five involves a breach of contract claim against O'Really and in count six, the plaintiff claims rights under a bond substituted for a mechanic's lien.
The defendants, Cornucopia, Boston Development and American Casualty now move to strike counts one, two, three, four and six of the plaintiff's complaint. Pursuant to Practice Book § 155, the defendants filed a memorandum of law in support of their motion to strike and the plaintiff has filed a memorandum of law in opposition.
"The purpose of a motion to strike is to contest . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. . . . The court must construe the facts in the complaint most favorably to the plaintiff." (Citations omitted; internal quotation marks omitted.) Novametrix MedicalSystems, Inc. v. BOC Group, Inc., 224 Conn. 210, 214-15, 618 A.2d 25
(1992). "[F]or the purpose of a motion to strike, the moving party admits all facts well pleaded. . . . " (Citations omitted.) RK Constructors, Inc.v. Fusco Corp. , 231 Conn. 381, 383 n. 2, 650 A.2d 153 (1994). "If the facts provable in the complaint would support a cause of action, the motion to strike must be denied." Waters v. Autuori, 236 Conn. 820, 826, 676 A.2d 357
(1996).
The defendants move to strike counts one and six on the ground that the plaintiff failed to join one or more necessary parties. "[T]he exclusive remedy for nonjoinder of parties is by motion to strike. . . . This exclusive remedy applies to nonjoinder of indispensable parties." (Citations omitted; internal quotation marks omitted.) George v. St.Ann's Church, 182 Conn. 322, 325, 438 A.2d 97 (1980); see alsoLevine v. Police Commission, 28 Conn. App. 344, 351,612 A.2d 787, cert. denied, 223 Conn. 923, 614 A.2d 823
(1992). "A party is necessary if its presence is absolutely required in order to assure a fair and equitable trial." (Internal quotation marks omitted.) Biro v. Hill, 214 Conn. 1, 6, 570 A.2d 182 (1990), aff'd on other grounds, 231 Conn. 462, 650 A.2d 541 (1994). "Parties have been termed indispensable when their interest in the controversy is such that a final decree cannot be made without either affecting that interest or leaving the controversy in such condition that its final disposition may be inconsistent with equity and good conscience." (Internal quotation marks omitted.) Hilton v. New Haven,233 Conn. 701, 722, 661 A.2d 973 (1995). CT Page 435
The defendants argue in support of their motion to strike counts one and six that the plaintiff's lien rights are equal in priority to those of two non-parties who have also filed mechanic's liens on the premises. The defendants rely on General Statutes § 49-36,[1] and argue that if the lienable fund in this case proves to be insufficient to pay all three lienholders, the fund will have to be split pro rata between them. Therefore, the defendants argue, the other parties are necessary to the present action.
The plaintiff argues that the other lienholders are not necessary to the present action. Specifically, the plaintiff claims that the defendants are merely speculating that the other lienholders have interests that might be affected by judgment in this action and that this is insufficient to qualify them as necessary parties. Finally, the plaintiff claims that the apportionment scheme of General Statutes § 49-36 (b) does not govern the way in which a mechanic's lien claim is pleaded.
In DG Plumbing Heating Co. v. Malon, Superior Court, judicial district of Tolland at Rockville, Docket No. 54351 (January 13, 1995) (13 Conn. L. Rptr. 360), the defendants moved to strike the plaintiff's complaint on the ground that the plaintiff did not make other mechanic's lienholders parties to the action. The court held that "General Statutes § 49-33 (c) [] (d) provides that without intervening encumbrances, and none have been alleged here, no mechanic's lien shall have priority over any other mechanic's lien. `Since such other (mechanic's) lienors are not subsequent encumbrances and cannot be foreclosed out, there is an obvious and sound basis for not making them parties to the foreclosure.'Connecticut Foreclosures, Second Edition, Denis R. Caron, § 13.04A,pp. 209-10. Accordingly, they are not `necessary' parties and do not have to be made parties." Id.
Because the plaintiff does not have priority over the other mechanic's lienholders and therefore, they cannot be foreclosed out, their presence is not absolutely necessary to assure a fair trial in the present case. SeeDG Plumbing Heating Co. v. Malon, supra, 13 Conn. L. Rptr. 360. Therefore, because the other mechanic's lienholders are not necessary parties to the present action, the defendants' motion to strike counts one and six should be denied.
The defendants also move to strike counts one and six because the plaintiff has failed to allege the existence of a lienable fund to which the plaintiff's mechanic's lien can attach. While the defendants correctly argue that a mechanics lien is limited to the unpaid contract debt owed by the owner to the general contractor,[2] the defendants have provided no legal authority, as required by Practice Book § 155, in support of CT Page 436 their contention that a plaintiff must plead and prove the existence of a lienable fund as part of its prima facie case. See R R Pool Patio v.Marron, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 146022 (December 21, 1995, Hickey, J.) (15 Conn. L. Rptr. 500) (denying motion to strike because the defendant failed to provide legal authority in support of its arguments). In fact, the few authorities cited by the defendants concern the adequacy of the fund in the context of a trial and the way in which the fund is calculated. None of these authorities, however, hold that a plaintiff must plead the existence of a lienable fund. For this reason also counts one and six should be denied.
The defendants also move to strike counts two and four on the ground that they fail to state a claim for unjust enrichment. Specifically, the defendants claim that counts two and four are fatally deficient because the plaintiff failed to allege that Cornucopia and Boston Development did not pay for the plaintiff's work. The defendants claim that "Paganelli pleaded that it did not receive payment. However, Paganelli did not plead that Cornucopia and Boston Development failed to make the payment." (Defendants' Memorandum of Law, p. 10.)
"A right of recovery under the doctrine of unjust enrichment is essentially equitable, its basis being that in a given situation it is contrary to equity and good conscience for one to retain a benefit which has come to him at the expense of another. . . . With no other test than what, under a given set of circumstances, is just or unjust, equitable or inequitable, conscionable or unconscionable, it becomes necessary in any case where the benefit of the doctrine is claimed, to examine the circumstances and the conduct of the parties and apply this standard. . . . " (Citations omitted; internal quotation marks omitted.) Barbara Weisman, Trustee v. Kaspar, 233 Conn. 531,550, 661 A.2d 530 (1995).
"Unjust enrichment is a very broad and flexible equitable doctrine . . . which has as its basis that it is contrary to equity and good conscience for the defendant to retain a benefit which has come to him at the expense of the plaintiff. . . . " (Citations omitted; internal quotation marks omitted.) Eastern Metal Products, Inc. v. Deperry,44 Conn. App. 60, 61, 686 A.2d 1003 (1997). "Plaintiffs seeking to recover for unjust enrichment must prove (1) that the defendants were benefited, (2) that the defendants unjustly did not pay the plaintiffs for the benefits, and (3) that the failure of payment was to the plaintiff's detriment. . . . " (Citations omitted; internal quotation marks omitted.) Barbara Weisman, Trustee v. Kaspar, supra,233 Conn. 550. CT Page 437
In the present case, counts two and four of the plaintiff's complaint allege essentially the same thing. The plaintiff incorporates all of the allegations in the previous paragraphs and argues that the plaintiff provided services for the benefit of the defendants, Cornucopia and Boston Development. These services have a reasonable economic value of $78,571.73 plus interest, which remains unpaid. The plaintiff further alleges that because these services benefited the defendants Cornucopia and Boston Development, and because the plaintiff has not been paid, the defendants have been unjustly enriched to the plaintiff's detriment.
In the opinion of this court counts two and four of the complaint support a claim for unjust enrichment. The plaintiff's allegation that the defendants were benefited by the plaintiff's services and that the plaintiff has not been paid satisfies the requirement that the plaintiff allege that the defendant has not paid the plaintiff for the benefits received. In fact, count four of the plaintiff's complaint alleges that "[by] virtue of the labor and materials plaintiff provided to the defendant, Boston Development, which defendant refused to pay for, the defendant is unjustly enriched to the plaintiff's detriment." Accordingly, it is the court's opinion that the defendants' motion to strike counts two and four should be denied.
Finally, the defendants move to strike count three on the ground that the contract claim is fatally defective because it contains no allegation that there ever existed a contract between the plaintiff and Cornucopia. The plaintiff counters that it has properly alleged the existence of a contract. Specifically, the plaintiff argues that because the plaintiff, as a mechanic's lienor is subrogated to the rights of the general contractor, Boston Development, with whom Cornucopia had a contract, the plaintiff has set forth a sufficient claim for breach of contract.
Practice Book § 155 provides in relevant part that "[e]ach motion to strike must be accompanied by an appropriate memorandum of law citing the legal authorities upon which the motion relies." In the present case, the defendants have provided no legal authorities in support of their motion to strike count three. Accordingly, that motion can be denied on that ground alone.
However, the plaintiff has alleged the existence of a contract between Cornucopia and Boston Development, the general contractor. Pursuant to General Statutes 49-33 (f), "[a]ny such subcontractor shall be subrogated to the rights of the person through whom the subcontractor claims. . . ." Therefore, "[u]nder Connecticut law, a subcontractor's right to enforce a mechanic's lien against a property owner is based on the doctrine of CT Page 438 subrogation. . . . The theory of subrogation allows the plaintiff to recover only to the extent the general contractor could recover from the defendants." W. G. Glenney Co. v. Bianco, 27 Conn. App. 199,201, 604 A.2d 1345 (1992). Because the plaintiff has alleged the existence of a contract between Cornucopia and Boston Development, and between Boston Development and O'Really, and because the plaintiff is subrogated to the rights of the party through whom the plaintiff claims, the plaintiff need not allege the existence of a contract between the plaintiff and Cornucopia absent legal authority to the contrary.
For the foregoing reasons the court denies the defendants' motion to strike counts one, two, three, four and six of the plaintiff's complaint.
Robert J. Hale State Judge Referee