[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANTS' NOTION FOR SUMMARY JUDGMENT (# 134), PLAINTIFF'S OPPOSITION TO SAME (# 135), AND DEFENDANTS' REPLY TO OBJECTION (# 136)
 I. FACTUAL AND PROCEDURAL HISTORY
This action arises from a 1992 real estate transaction between the plaintiff and the defendants. By way of a six count complaint returnable to the court on July 9, 1996, the plaintiff brought suit against the defendants. The plaintiff alleges in counts one through three that each defendant breached the contract with the plaintiff. The fourth count alleges that the defendants fraudulently concealed or failed to disclose the receipt of certain payments from the property's tenant. The fifth count alleges that the defendants' acts or omissions violated the Connecticut Unfair Trade Practices Act (CUTPA). The sixth count alleges unjust enrichment.
On January 16, 1998, the defendants filed a motion for summary judgment and memorandum seeking judgment as a matter of law with respect to all six counts of the plaintiff's complaint. On February 4, 1998, the plaintiff filed a memorandum in opposition. The defendants filed a reply on March 30, 1998. On May 18, 1998, this court (Handy, J.) heard oral argument. At that time, all parties were represented by counsel and had an opportunity to be fully heard.
 II. SUMMARY JUDGMENT, LEGAL STANDARD
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . ." Maffucci v. Royal Park Ltd. Partnership, CT Page 9325243 Conn. 552, 554 707 A.2d 15 (1998).
 III. DISCUSSION A. Terms of the Contract
The defendants move for summary judgment on counts one through six on the ground that the plaintiff cannot assert causes of action for misrepresentation because any negotiations or alleged representations were subsumed, at the time of closing, in the terms of the real estate contract which specifically provides that the contract embodies the entire agreement between the parties.
"[P]arties are free to contract for whatever terms on which they may agree. . . . [I]n private disputes, a court must enforce the contract as drafted by the parties and may not relieve a contracting party from anticipated or actual difficulties undertaken pursuant to the contract, unless the contract isvoidable on grounds such as mistake, fraud orunconscionability. . . ." (Citation omitted; emphasis added; internal quotation marks omitted.) Gibson v. Capano,241 Conn. 725, 730-31, 699 A.2d 68 (1997), quoting Holly Hill Holdings v.Lowman, 226 Conn. 748, 755-56, 628 A.2d 1298 (1993). See 1 Restatement (Second), Contracts §§ 154, 159, and vol. 2, § 208 (1981). This court recognizes, as the defendants argue, that "[p]arties are free to bargain for disclaimer clauses in a contract for the sale of real property." Gibson v. Capano,supra, 731. That general rule, however, applies "[i]n the absence of a claim of mistake, fraud or unconscionability; a clause disclaiming reliance by the buyer on the seller's representations is a valid contract term." Id., citing 2 Restatement (Second), Contracts § 196, comment (a) (1981); 12 S. Williston, Contracts (3d Ed. 1970) 1511, p. 467. In the present case, the plaintiff alleges fraud and misrepresentation. Whether or not such misrepresentation or fraud occurred is a question for the trier of fact.
The defendants' motion for summary judgment on this ground is therefore denied.
 B. Statutes of Limitation CT Page 9326
The defendants next argue that the plaintiff's claims in counts four and five are barred by the applicable statutes of limitation. The plaintiff argues that the saving statute, General Statutes § 52-592, allows it to proceed in the instant action. The defendants argue that because the plaintiff failed to specifically plead the statute in its complaint, the plaintiff's defense to the statutes of limitation is unavailing.
Although such a practice is recommended, the plaintiff need not plead the applicability of General Statutes § 52-592 in his complaint. Gulycz v. Sandpiper Dunes, Superior Court, judicial district of Hartford, Docket No. 372553, 9 CONN. L. RPTR. 216 (June 3, 1993) (Wagner, J.), citing Ross Realty Corp. v. Surkis,163 Conn. 388, 392, 311 A.2d 74 (1972). When a special defense based on a statute of limitations is asserted it is "proper and desirable for [a plaintiff] to plead [§ 52-592] in his reply to the [defendants'] special defense, "although the failure to do so is not fatal and the applicability of the statute, nevertheless, can still be asserted in opposition to a motion for summary judgment on the statute of limitations defense. Gulycz v. Sandpiper Dunes,supra, Docket No. 372553, 9 CONN. L. RPTR. 216.
At oral argument, the defendants also argued that the plaintiff could not proceed under § 52-592 because the individual defendants were not parties to the original action. "`[T]otal identity of the [parties] is not a prerequisite to application of [section 52-592].'" (Citations omitted.) NutmegPiping Supply v. Connecticut, Superior Court, judicial district of New London at Norwich, Docket No. 098787 (March 25, 1992, Leuba, J.). "`[A] change of parties does not preclude an application of [a saving] statute where the change is merely nominal or the interest represented in the renewed action is identical with that in the original action.'" (Citation omitted.) Id. In the present case, the plaintiff seeks the same relief it sought in its counterclaim in the original action against the original entity and merely adds the individual partners of that entity. This court finds that § 52-592 of the Connecticut General Statutes does apply.
Accordingly, the defendants' motion for summary judgment on the ground that the statute of limitations barred counts four and five is denied.
 C. CUTPA CT Page 9327
The defendants also move for summary judgment on count five on the ground that the alleged misrepresentations constitute a single transaction, that is the real estate closing, and, therefore, cannot warrant a cause of action under CUTPA. The plaintiff argues that its complaint alleges "more than a single wrongful act. It has alleged that the [d]efendants' conduct constituted a continuing course of conduct of deceptive acts or practices during the engagement of trade or commerce [in its] advertising, listing, offering" of the sale of this property. This court finds the plaintiff's argument on this point persuasive. Whether or not the circumstances relating to the sale of the property and the withholding of payments constituted one transaction or numerous transactions is an issue of material fact precluding summary judgment. It should be noted, however, that this court has consistently held that one transaction does not constitute a CUTPA violation.
 D. Unjust Enrichment
Finally, the defendants move for summary judgment on count six on the ground that such a claim is insufficient as a matter of law because the plaintiff alleges a breach of contract, thereby precluding recovery based on unjust enrichment.
"A right of recovery under the doctrine of unjust enrichment is essentially equitable, its basis being that in a given situation it is contrary to equity and good conscience for one to retain a benefit which has come to him at the expense of another. . . ." (Citation omitted; internal quotation marks omitted.) Wiesman v. Kaspar, 233 Conn. 531, 550, 661 A.2d 530
(1995). Courts treat unjust enrichment as "a broad and flexible remedy"; Polverari v. Peatt, 29 Conn. App. 191, 200,614 A.2d 484, cert. denied, 224 Conn. 913, 617 A.2d 166 (1992); "to be applied when no remedy is available pursuant to contract."Ayotte Bros. Construction Co. v. Finney, 42 Conn. App. 578, 581,680 A.2d 330 (1996). See also McNeil v. Riccio,45 Conn. App. 466, 475, 696 A.2d 1050 (1997);Eastern Metal Products, Inc. v. Deperry, 44 Conn. App. 60, 61-62,686 A.2d 1003 (1997).
It is true that "proof of a contract ordinarily precludes the remedy of unjust enrichment"; Pleines v. Franklin ConstructionCo., 30 Conn. App. 612, 616, 621 A.2d 759 (1993); as the "lack of CT Page 9328 a remedy under [a] contract is a precondition for recovery based upon unjust enrichment." Hartford Whalers Hockey v. UniroyalGoodrich Tire, 231 Conn. 276, 284, 649 A.2d 518 (1994). It is clear, however, that our case law "recognizes that a party may plead alternative and even inconsistent theories in the same action." Marrin v. Spearow, 35 Conn. App. 398, 401, 646 A.2d 254
(1994); see also Pratt v. Old Saybrook, 225 Conn. 177, 184,621 A.2d 1322 (1994).
Accordingly, the defendants' motion for summary judgment on count six is denied since the plaintiff can plead an alternative cause of action.
 IV. CONCLUSION
Accordingly, the defendants' motion for summary judgment is denied in its entirety.
Handy, J.