[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION 
(MOTION TO STRIKE DATED MARCH 17, 1998)
The defendant, Lafayette American Bank, formerly known as American National Bank, has filed a Motion to Strike Counts CT Page 14567 Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, Eleventh and Fourteenth from the plaintiffs' Second Revised Complaint. The plaintiffs have filed their Objection to the Motion to Strike. Both parties have filed Memorandums of Law and supporting documentation in support of their respective positions. Due to the numerous questions of law set forth, and amount of Counts involved in the Motion to Strike, the court will state its decision in a Count by Count format. While this may result in repetitious statements and cites of relevant case law, it appears to be the most orderly fashion in which to proceed.
 I CONNECTICUT STANDARD FOR MOTION TO STRIKE 
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted . . ."Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270
(1998). In ruling on a motion to strike, the court is limited to the facts alleged in the pleadings; Rowe v. Godou, 209 Conn. 273,278 (1988); which assumes the truth of the facts alleged and construes them in the light most favorable to sustaining the sufficiency of the complaint. Bouchard v. People's Bank,219 Conn. 465, 467 (1991); Dodd v. Middlesex Mutual Assurance Co.,242 Conn. 375, 378 (1997). "If the facts provable in the complaint would support a cause of action, the motion to strike must be denied." Pamela B. v. Ment, 244 Conn. 296, 308 (1998). "In passing on a motion to strike based upon a claim of failure to state a cause of action, [the Court] must take the facts alleged favorably to the pleader and view those facts in a broad fashion, not strictly limited to their allegations, but also including the facts necessarily implied by and fairly probably under them." Zeller v. Mark, 14 Conn. App. 651, 654 (1988).
 II DOES PLAINTIFFS' FOURTH COUNT ALLEGE A LEGALLY SUFFICIENT BREACH OF CONTRACT CAUSE OR ACTION? 
The defendants argue that the plaintiffs have failed to allege a legally sufficient cause of action in the Fourth Count because the plaintiffs have not pleaded that Wachtel, Duklauer and Fein, Inc. (hereinafter referred to as WDF) or Sentinel/WDF, a Joint Venture (hereinafter referred to as Joint Venture) was a party to CT Page 14568 an agreement with the defendant, American National Bank (hereinafter referred to as American). The Court disagrees. The Bank Contract, as noted by the Plaintiffs and the Defendant, expressly incorporates by reference the Agreement. The Agreement, which is incorporated into the Complaint, defines the parties to the Contract as "anyone who signs the signature for any deposit account," as well as, "any person or entity on whose behalf the account is opened." The plaintiffs have alleged that the Account at American was opened for the benefit of the Joint Venture and that American was aware of that. The plaintiffs have sufficiently alleged that the Joint Venture is a party to the Contract by virtue of the express terms of the Agreement, which was drafted by American.
Additionally, the plaintiffs have alleged that Mr. Alcide and Mr. Warshaw signed the Signature Card as officers of WDF and American knew they were acting in that capacity when they executed the Bank Contract. According to the express terms of the Bank Account Agreement, WDF could be found to be a party to the Bank Contract. American has a right to deny these allegations, but the Court feels this raises an issue of facts to be decided by the jury. The Motion to Strike the Fourth Count is denied.
 III DOES PLAINTIFFS' FIFTH COUNT ALLEGE A SUFFICIENT CAUSE OF ACTION FOR A VIOLATION OF CONNECTICUT GENERAL STATUTES SEC. 42A-3-40? 
The Court adopts the plaintiffs' reasoning that there is indeed a question of fact regarding, whether or not, the Joint Venture and WDF are parties to the Bank Contract by virtue of the express terms of the Agreement, which they have incorporated by reference into their Complaint, and also, by the acts and representatives of their agents. The terms of the Certificate, referred to in the Complaint, gives rise to an inference that WDF and/or the Joint Venture were parties to the contract. Thus, if proven at trial, they would have standing. The defendants' claim that Sentinel could unilaterally ratify unauthorized signatures is a defense to be established through evidence, not by way of a summary judgment.
Lastly, the Court agrees with the plaintiffs that the UCC "should be construed liberally and applied to promote its underlying purposes and policies." Connecticut General Statutes §CT Page 1456942a-1-102. It is unreasonable to believe that the Connecticut legislature intended transactions such as wire transfers to be inregulated. Connecticut General Statutes § 42a-3-403 should be construed to cover such transactions. The Motion to Strike the Fifth Count is denied.
 IV DOES PLAINTIFFS' SIXTH COUNT SUFFICIENTLY ALLEGE A CAUSE OF ACTION FOR BREACH OF DUTY? 
The Court has previously discussed the factual question as to whether or not a contract can be deemed to have existed between the plaintiffs and the defendant American National Bank. The plaintiffs have alleged a specific contractual relationship with American with respect to the Joint Venture account. "A duty to use care may arise from a contract, from a statute or from circumstances under which a reasonable person, knowing what he knew or should have known, would anticipate that harm of a general nature of that suffered was likely to result from his act or failure to act." Calderwood v. Bender, 189 Conn. 580, 584
(1983). If a contract can be proven by the plaintiffs, it is possible that a contractual relationship would give rise to a duty from the defendant American to the plaintiffs.
The Motion to Strike the Sixth Count is thus denied.
 V DOES THE PLAINTIFFS' SEVENTH COUNT SUFFICIENTLY ALLEGE A CAUSE OF ACTION OF BREACH OF DUTY TO A THIRD PARTY BENEFICIARY? 
It is well established that "a third party beneficiary may enforce a contractual obligation without being in privity with the actual parties to the contract. . . . Therefore, a third party beneficiary may sue the obligor for the breach." TheGateway Co. v. Dinoia, 232 Conn. 223, 230-231 (1995). In order to establish a third-party beneficiary relationship, a plaintiff must demonstrate that the parties to the agreement intended to create a direct obligation from one party to the third party beneficiary. Id. at 231.
The plaintiffs have alleged sufficient facts from which a jury could conclude that the defendants intended to create a direct CT Page 14570 obligation to WDF and Joint Venture. The plaintiffs have incorporated the Agreement by reference, into the Complaint. The plaintiffs have alleged that that American knew that Warshaw and Alcide were signing the signature card as agents and officers of WDF and that the Account was set up on Joint Venture's behalf. These are issues of fact, best left to the jury. Accordingly, the Motion to Strike the Seventh Count is denied.
 VI DOES THE PLAINTIFFS' EIGHTH COUNT SUFFICIENTLY ALLEGE A CAUSE OF ACTION FOR UNJUST ENRICHMENT? 
"Unjust enrichment applies wherever justice requires compensation to be given for property or services rendered under a control. . . . A right of recovery under the doctrine of unjust enrichment is essentially equitable, its basis being that in a given situation it is contrary to equity and good conscience for one to retain a benefit which has come to him at the expense of another." Franks v. Lockwood, 146 Conn. 273, 278 (1959). The plaintiff must demonstrate that (1) the defendants were benefitted [benefited]; (2) the defendants unjustly did not pay the plaintiff for such benefits and (3) the failure to pay was to the plaintiff's detriment. Hartford Whalers Hockey Club v. UniroyalGoodrich Tire Co., 231 Conn. 276, 283 (1994); Eastern MetalProducts, Inc. v. Deperry, 44 Conn. App. 60, 61-62 (1977). The defendant American claims that defendant Sentinel derived the benefit from the transfer of funds by applying these funds to pay their own "pre-existing debts." The plaintiffs argue that the "pre-existing debts" owed by the defendant Sentinel, were to the defendant American, and that the defendant American benefitted [benefited] from wrongfully allowing the telephone transfer of funds without the plaintiffs' knowledge or consent. Whether or not the defendant American intentionally permitted unauthorized withdrawals from the Account in order to receive payment of debts owed to American by the defendant Sentinel is a factual issue to be decided at trial. Accordingly, the Motion to Strike this count is denied.
 VII HAVE THE PLAINTIFFS SUFFICIENTLY PLEADED A CAUSE OF ACTION FOR CONVERSION IN THE NINTH COUNT? "Conversion is usually defined to be an unauthorized CT Page 14571 assumption and exercise of the right of ownership over goods belonging to another, to the exclusion of the owner's rights. . . . It is some unauthorized act which deprives another of his property permanently or for an indefinite period of time; some unauthorized assumption and exercise of the powers of the owner to his harm. The essence of the wrong is that the property rights of the plaintiff have been dealt with in a manner adverse to him, inconsistent with his right of dominion and to his harm."
Leaksealers, Inc. v. Connecticut National Bank, 1995 WL 384611 (Conn.Super. 1995).
The defendant American argues that the plaintiffs do not have an interest in the account and do not have a right of dominion over the account of the funds therein. Thus, the defendant American had no duty to the plaintiffs, contractually or otherwise. The plaintiffs alleges that both the Account and the funds in the Account were its property and that the defendant American knew this when it interfered improperly with the plaintiffs' right of dominion over these funds by allowing an unauthorized wire transfer.
These allegations are sufficient to raise a question of fact as to whether or not the defendant American converted the plaintiff's property.
Accordingly, the Motion to Strike the Ninth Count is denied.
 VIII DOES THE TENTH COUNT FAIL TO STATE A CAUSE OF ACTION UPON WHICH RELIEF MAY BE GRANTED? 
The plaintiff alleges that the defendant was negligent by failing to exercise a degree of care to be reasonably expected and required from a commercial Banking Corporation. ConnecticutGeneral Statutes § 42a-4-103 (a) imposes an obligation on banks to act in good faith and to exercise ordinary care in the conduct of business. "A duty to use care may arise from contract, from a statute or from circumstances under which a reasonable person, knowing what he knew or should have known, would anticipate that harm of the general nature suffered, was likely to result from his act or failure to act." Calderwood v. Bender, 189 Conn. 580,584 (1983). The plaintiffs have alleged a contractual CT Page 14572 relationship with the defendant American, which the court herein has ruled is an issue of fact. The existence of a contract between the parties would give rise to a duty from American to the plaintiffs.
American, by way of facts alleged by the plaintiffs, if proven, would have a duty to the plaintiffs to use reasonable care in handling the Account pursuant to the Certificate which precluded it from releasing funds from the account with WDF's consent.
The plaintiffs have sufficiently alleged negligence and are free to bring a claim for negligence under the common law. The UCC does not displace common law negligence claims. Sheiman v.Lafayette Bank and Trust Co., 4 Conn. App. 39, 44 (1985);Leaksealers, Inc. v. Connecticut National Bank, 1995 WL 384611 (Conn.Super. 1995); Vander Werff v. Shawmut Bank Connecticut, (1996 Conn. Super) LEXIS 3042.
Accordingly, the Motion to Strike the Tenth Count is denied.
 IX DOES THE ELEVENTH COUNT FAIL TO SUFFICIENTLY STATE A CAUSE OF ACTION UNDER CUTPA?
The plaintiffs have alleged sufficient aggravating circumstances regarding American's knowingly and intentionally making of unauthorized transfers from the Joint Venture's Account into another one of its customer's accounts so that American could collect on debts owed to it by this other customer to constitute a cause of action under CUTPA.
The court, as stated herein, has already ruled that the existence of a contractual relationship between the parties is an issue of fact. The plaintiffs have pleaded sufficient facts alleging a consumer relationship with the defendant American.Jackson v. R. G. Whipple, Inc., 225 Conn. 705, 727 (1993).
If proven, the defendant's conduct could be found to be unfair, unethical, immoral and unscrupulous. Thus, the plaintiffs do have standing to assert a CUTPA claim. This would be more than a simple breach of contract.
Accordingly, the Motion to Strike the Eleventh Count is denied. CT Page 14573
 X DOES PLAINTIFFS' FOURTEENTH COUNT ALLEGE A CAUSE OF ACTION? 
The plaintiffs' Fourteenth Count seeks an equitable remedy, an Order that defendants Lafayette and American are obligated to defend and indemnify the plaintiffs against an action by Seaboard against the plaintiffs stemming from monies paid in a Mississippi proceeding. The plaintiffs allege that because of American's actions, the plaintiff did not have the financial resources to resolve the Mississippi litigation. The plaintiffs claim that had American not improperly transferred funds from the Joint Venture Account this claim would have been resolved. The plaintiffs further claim they do not have an adequate remedy at law regarding any future damages or obligations they may be liable for in the Mississippi litigation.
The court finds that an award of money damages can adequately compensate the plaintiffs if they succeed in the instant action.
Accordingly, the Motion to Strike the Fourteenth Count is granted.
The Court
Arnold, J.