The Giuliano Construction Company [Joseph Giuliano, Substituted Plaintiff] *v.* Edward R. Simmons et al.

Baldwin, C. J., King, Murphy, Mellitz and Shea, Js.

Argued April 7—decided June 21, 1960

*William R. Moller,* with whom, on the brief, was *Radford W. Luther,* for the appellants (defendants).

*Richard P. Heffernan,* with whom was *James E. Heffernan,* for the appellee (plaintiff).

MELLITZ, J.  Prior to November 2, 1956, the plaintiff purchased a tract of land in Simsbury and was developing it by building houses on it for sale.  At the time of its purchase by the plaintiff, the tract was divided into approximately twenty building lots, upon four of which there were located piles of topsoil.  One of these was lot 16.  On it stood a pile of topsoil approximately twenty feet high and forty feet long.  On November 2, 1956, pursuant to a contract theretofore entered into, the plaintiff conveyed lot 16 to the defendants by warranty deed.  In connection with the conveyance, a memorandum of adjustments was executed by the parties.  There was no discussion relating to the pile of topsoil at the time of the contract, nor was any reference made to it in the deed or in the memorandum of adjustments.  In January, 1957, the defendants realized that the pile of topsoil was dangerous to their children.  In April, 1957, an agent of the plaintiff removed several truckloads of soil from the pile, but on the following day the named defendant prevented the plaintiff from removing any more.  In May, 1958, the defendants spread the topsoil over their land to remove the hazard it presented to the children in the neighborhood.  The plaintiff, claiming that the topsoil had not been sold to the defendants, instituted this action for its value on the ground that it had been converted by the defendants.  From a judgment for the plaintiff, the defendants have appealed.

The plaintiff's position is that the pile of topsoil was personalty at the time of the deed to the defendants and that title to it did not pass by the deed.  When the topsoil was severed and removed from its natural position on the ground, it became personalty. 2 Tiffany, Real Property (3d Ed.) p. 508; *Curtiss* v.

*Hoyt,* 19 Conn. 154, 166. There was no express agreement as to whether the topsoil was to be included in the conveyance to the defendants. In the absence of such an agreement, title to the topsoil is to be determined under the law of fixtures. 5 American Law of Property § 19.6. If the topsoil was a part of the realty, title to it merged into the title to the realty and passed as part of the real property conveyed by the deed to the defendants. *Van Auken* v. *Tyrrell,* 130 Conn. 289, 293, 33 A.2d 339; *Ward* v. *Ives,* 91 Conn. 12, 21, 98 A. 337. Otherwise, it remained personalty belonging to the plaintiff, and title to it did not pass by the deed.

The character of the pile of topsoil as real or personal property is to be ascertained as of the date when the topsoil was placed upon the lot. *Lesser* v. *Bridgeport-City Trust Co.,* 124 Conn. 59, 63, 198 A. 252. It is essential, to constitute a fixture, "that a permanent accession to the freehold was intended to be made by the annexation of the article." *Capen* v. *Peckham,* 35 Conn. 88, 94; *Stone* v. *Rosenfield,* 141 Conn. 188, 193, 104 A.2d 545. Whether a permanent accession to the freehold was intended is to be determined from a consideration of all the facts, including the character of the annexation, the nature and adaptation of the article annexed to the uses and purposes to which the land was appropriated at the time of the annexation, and the relation of the annexer to the property. *Capen* v. *Peckham,* supra; *Webb* v. *New Haven Theatre Co.,* 87 Conn. 129, 133, 87 A. 274; *Lesser* v. *Bridgeport-City Trust Co.,* supra. The intent sought is not the subjective intent or undisclosed purpose of the annexer, but the intent manifested by his actions. *Radican* v. *Hughes,* 86 Conn. 536, 542, 86 A. 220. The size of the pile of topsoil, approximating in height a two-story house, was

objective evidence that the topsoil had been piled on the lot for purposes other than permanent affixation to it. The size of the pile was a sufficient basis for a determination that the topsoil remained personalty and so did not become a part of the realty conveyed to the defendants by the plaintiff's deed. See *Palumbo* v. *Harry M. Quinn, Inc.,* 323 Ill. App. 404, 409, 55 N.E.2d 825.

The defendants' further contention that the court erred in the amount of damages awarded is without substance. The measure of damages in trover is the value of the goods at the date of the conversion. *Kuzemka* v. *Gregory,* 109 Conn. 117, 122, 146 A. 17. There was ample evidence before the court to support its determination, implicit in the finding, that the market value of the topsoil converted by the defendants was $3 a yard.

There is no error.

In this opinion the other judges concurred.