[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed June 20, 1997
The plaintiff, Ceci Brothers, Inc., filed this action on January 26, 1996, in a one-count complaint against the defendants, Five Twenty-One Corp. and Leona Helmsley, seeking to foreclose on a mechanic's lien filed by Ceci Bros. on November 22, 1995, in the Town Clerk's office for the Town of Greenwich. The original complaint alleged that the Five Twenty-One Corp. owns the property at 521 Round Hill Road in the Town of Greenwich, and that Ceci Bros. supplied materials and services with a value of $52,918.75 for which it has not been paid.
The amended complaint, filed June 24, 1996, added three counts. Count two alleges that Helmsley resides at 521 Round Hill Road and controls the Five Twenty-One Corp., that she entered into a contract for the maintenance of the property, and, through her agents, refused to pay for the services and terminated the contract. Counts three and four allege quantum meruit against the corporation and Helmsley, respectively.
The defendant Helmsley filed a motion to strike counts two and four of the amended complaint on January 22, 1997, on the grounds of improper joinder of claims and legal insufficiency.
On February 6, 1997, the defendant Five Twenty-One Corp. CT Page 6885 filed an answer with eleven special defenses and a twelve-count counterclaim, alleging breach of contract, fraudulent misrepresentation, violation of CUTPA, conversion, negligence, unjust enrichment, and waste. Ceci Bros. filed a motion to strike counts two, three, four, six, seven, eight, nine, ten, eleven, and twelve of the counterclaim on the grounds of improper joinder of claims and legal insufficiency.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." Waters v.Autuori, 236 Conn. 820, 825, 676 A.2d 357 (1996). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." Id. A motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings."Mingachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 398 (1985). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." Id. "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged."Novametrix Medical Systems v. BOC Group, Inc., 224 Conn. 210,215, 618 A.2d 25 (1992).
As to Defendant Helmsley's Motion to strike:
Helmsley argues that she is not a proper party to this action, which she characterizes as in essence an action to foreclose a mechanic's lien, because she is not an owner of the property. Even though the two counts directed against her are for breach of contract and unjust enrichment, and she is not named in the foreclosure claim, she contends that the counts against her are improperly joined in a foreclosure action.
Ceci Bros. argues that it is irrelevant that Helmsley does not own the property, because Practice Book § 133 allows joinder of claims that arise out of the same transaction. Because all the claims arise out of disputes over the lawn care services that Ceci Bros. provided at the 521 Round Hill Rd. property, it argues that to require it to file a separate action against Helmsley would not be in the interest of judicial economy.
This issue has been raised and disposed of twice before in this case. Helmsley raised the argument of improper joinder when CT Page 6886 Ceci Bros. filed a request to amend the complaint to add counts two, three, and four. On July 29, 1996, the court (Tobin, J.) overruled her objection. After that, Helmsley filed a motion to dismiss the claims against her in which she attempted to argue that she was not a proper party to a foreclosure action. On December 18, 1996, this court said that the legal theory in the original complaint had no bearing on the claims against her in the amended complaint, reiterated this in response to Helmsley's motion for reconsideration, in which this court stated that "[c]ontrary to the defendant's assertion in the motion to reconsider, the plaintiff's remedy is not limited to foreclosing the lien. Practice Book § 133 permits joinder of claims when such claims arise from the same factual transaction. All counts of the amended complaint arise from a dispute over an alleged nonpayment for services under a contract. A lien is simply a way to provide a contractor with security for his labor and services. . . . It is common practice to combine a lien foreclosure claim with other related claims." (Citations omitted; internal quotation marks omitted.) (Memorandum of Decision, January 27, 1997).
There is little reason for the court to address it again, but a brief outline of the basic pleading rules may set to rest any further dispute. Under Practice Book § 133 a plaintiff may include in a complaint both legal and equitable claims, "but, if several causes of action are united in the same complaint, they shall be brought to recover, either . . . (7) upon claims, whether in contract or tort or both, arising out of the same transaction or transactions connected with the same subject of action." The liberal construction of the joinder rules "enable[s] parties to settle all their controversies in a single action . . .; and it also furthers the general policy of our law which favors as far as possible the litigation of related controversies in one action." (Citations omitted; internal quotation marks omitted.) Veits v. Hartford, 134 Conn. 428, 436,58 A.2d 389 (1948). See also Cohn v. Laidlaw Transit, Superior Court, judicial district of Danbury, Docket No. 319 769 (October 31, 1995, Stodolink, J.) The four counts in the complaint all concern the agreement between Ceci Bros. and the defendants for landscaping services at the 521 Round Hill Road property.
For the foregoing reasons, Helmsley's motion to strike on the ground of improper joinder of claims is denied.
Helmsley's motion also rested on the ground that counts two CT Page 6887 and four did not adequately allege facts to support piercing the corporate veil. Ceci Bros. conceded this point, and told the court it would replead. For this reason, the court denies the motion to strike on this ground without prejudice, pending the filing of a revised complaint.
As to Ceci Bros.'s Motion to Strike:
A. Improper joinder of claims
Ceci Bros. argues that only five of the twelve counts in Five Twenty-One's counterclaim relate to the contract of March, 1995, which is the subject of its complaint. It contends that counts six through twelve are based on subsequent agreements for the planting of trees to screen the neighbor's dwelling, rather than general maintenance, as the March agreement was, and thus are "unrelated transactions" and improperly joined.
Five Twenty-One argues that these counts involve the same parties, the same facts, and the same issues, and that the later agreements arose from the inability of Ceci Bros. to perform properly under the original agreement of March, 1995. Consequently, it argues that all the counts of the counterclaim arise out of the transaction that is the subject matter of the plaintiff's complaint, citing Practice Book § 116.
Practice Book § 116 provides in pertinent part: "Supplemental pleadings showing matters arising since the original pleading may be filed in actions for equitable relief by either party. In any action for legal or equitable relief, any defendant may file counterclaims against any plaintiff . . . provided that each such counterclaim . . . arises out of the transaction or one of the transactions which is the subject of the plaintiff's complaint." Section 116 "is a common-sense rule designed to permit the joinder of closely related claims where such joinder is in the best interests of judicial economy." (Internal quotation marks omitted.) Atlantic Richfield Co. v.Canaan Oil Co., 202 Conn. 234, 251, 520 A.2d 1008 (1987).
"The `transaction test' is one of practicality. . . . Where the underlying purposes of Practice Book § 78 [now § 116], to wit, judicial economy, avoidance of multiplicity of litigation, and avoidance of piecemeal disposition of what is essentially one action, are thwarted rather than served by the filing of a [counterclaim], the [counterclaim] may properly be CT Page 6888 expunged." (Internal quotation marks omitted.) Mechanics SavingsBank v. Townley Corp., 38 Conn. App. 571, 574-75, 662 A.2d 815
(1995).
Because the complaint and Five Twenty-One's counterclaim allege disputes over the services provided by Ceci Bros. arising out of the original agreement to provide landscaping services for the same property, all the counts of the counterclaim are properly joined. Accordingly, the motion to strike counts six through twelve is denied on the ground of improper joinder of claims.
B. Legal insufficiency
Counts two and twelve (fraudulent misrepresentation)
Ceci Bros. moves to strike counts two and twelve on the ground of legal insufficiency because they do not adequately allege facts to support fraudulent misrepresentation in that there are no allegations that Ceci Bros. made any statements with the intent of inducing Five Twenty-One to rely on the statements, or that Five Twenty-One did, in fact, rely on the statements to its detriment. Five Twenty-One concedes that these counts are inadequate and told the court that it plans to replead them. For this reason, the court denies the plaintiff's motion to strike counts two and twelve without prejudice, pending the filing of a revised counterclaim.
Count three (CUTPA)
Ceci Bros. moves to strike count three on the ground of legal insufficiency because it does not adequately allege facts to support a claim of a CUTPA violation.
Count three alleges that Ceci Bros. made statements concerning its ability and willingness to perform the landscaping services desired by Five Twenty-One (¶ 6). It further alleges that Ceci Bros. maintained the property "in so unskillful and negligent a manner that the lawn, trees, bushes, and flowers deteriorated" (¶ 8), and that this constitutes a violation of CUTPA (¶ 9). The allegations of paragraph six are incorporated from count two, which the defendant concedes does not properly allege fraudulent misrepresentation, so this count merely alleges that Ceci Bros. agreed to perform certain services and negligently breached that agreement. CT Page 6889
"A simple breach of contract, even if intentional, does not amount to a violation of [CUTPA]; a claimant must show substantial aggravating circumstances attending the breach to recover under the Act. . . ." (Internal quotation marks omitted.)Emlee Equipment Leasing Corp. v. Waterbury Transmission, Inc.,41 Conn. Sup. 575, 580, 595 A.2d 951 (1991). Moreover, "[a] simple contract breach is not sufficient to establish a violation of CUTPA . . . where a count simply incorporates by reference the breach of contract claim and does not set forth how or in what respect the defendant's activities are either immoral, unethical, unscrupulous, or offensive to public policy." (Internal quotation marks omitted.) Set to Fit Realty v. First Stamford, Superior Court, Judicial District of Stamford/Norwalk at Stamford, Docket No. 119612 (April 18, 1994, Lewis, J.).
In the present state of pleading, the CUTPA claim is based solely on the alleged breach of contract, which is not adequate to state a violation of CUTPA. Accordingly, Ceci Bros.'s motion to strike count three is granted.
Counts four and eight (conversion)
Ceci Bros. moves to strike counts four and eight on the ground of legal insufficiency because they do not adequately allege facts to support a claim of conversion, in that there are no allegations that it possessed the property in question without authorization. It contends that damage to property by itself is not enough to satisfy the elements of conversion.
Conversion is "an unauthorized assumption and exercise of the right of ownership over goods belonging to another, to the exclusion of the owner's rights. . . . It is some unauthorized act which deprives another of his property permanently or for an indefinite time; some unauthorized assumption and exercise of the powers of the owner to his harm. The essence of the wrong is that the property rights of the plaintiff have been dealt with in a manner adverse to him, inconsistent with his right of dominion and to his harm." (Internal quotation marks omitted.) Aetna Life Casualty Co. v. Union Trust Co., 230 Conn. 779, 790-91,646 A.2d 799 (1994).
To establish a prima facie case of conversion, Five Twenty-One must allege (1) that the chattel in question belonged to it, (2) that Ceci Bros. deprived it of the chattel for an CT Page 6890 indefinite period of time, (3) that Ceci Bros.'s conduct was unauthorized, and (4) that this conduct harmed Five Twenty-One. See Discover Leasing, Inc. v. Murphy, 33 Conn. App. 303, 309,635 A.2d 843 (1993).
Count four alleges that Ceci Bros. did not perform the March, 1995, contract as agreed, and that as a result "the property, including but not limited to the lawn, trees, bushes and flowers" was destroyed (¶ 6). Five Twenty-One argues that this amounts to conversion because it was deprived of the use and enjoyment of the property.
This count fails on a threshold definition. Conversion applies only to chattels, by definition articles of personal property. Black's Law Dictionary (6th Ed. 1990). Plants, trees, and grass, being rooted and affixed to the land, are part of the real property, and only by severance from the land do they change their legal character to personal property. See McKelvey v.Creevey, 72 Conn. 464, 468, 45 A. 4 (1900). With no allegations that the grass, trees, and other flora were removed from the land and retained by Ceci Bros., they cannot be subject to conversion. Accordingly, the plaintiff's motion to strike count four is granted.
Count eight alleges that in a separate agreement, Ceci Bros. agreed to plant some additional trees, and that in the process, Ceci Bros. removed the topsoil from the property without authorization and converted it to its own use (¶ 7).
Topsoil may be considered personal property when it has been "severed and removed from its natural position on the ground."Giuliano Construction Co. v. Simmons, 147 Conn. 441, 442,162 A.2d 511 (1960). "The character of the . . . topsoil as real or personal property is to be ascertained as of the date when the topsoil was placed upon the lot. . . . It is essential, to constitute a fixture, that a permanent accession to the freehold was intended to be made by the annexation of the article. . . . Whether a permanent accession to the freehold was intended is to be determined from a consideration of all the facts, including the character of the annexation, the nature and adaptation of the article annexed to the uses and purposes to which the land was appropriated at the time of the annexation, and the relation of the annexer to the property. . . . The intent sought is not the subjective intent or undisclosed purpose of the annexer, but the intent manifested by his actions." (Citations omitted; internal CT Page 6891 quotation marks omitted.) Id., 443.
Count eight does not, however, explicitly allege that the topsoil belonged to Five Twenty-One. It may be implied by paragraph five, which refers to it as "original top soil," but paragraph six does not clarify whether Ceci Bros. charged Five Twenty-One for the cost of removing the topsoil or the cost of the topsoil itself, throwing into question whether the topsoil had been there before Ceci Bros. began work or whether it was provided by Ceci Bros. and remains unpaid for by Five Twenty-One. Viewed in the light most favorable to the pleader, however, the allegations in count eight can just barely make out the elements of conversion. The plaintiff's motion to strike count four is denied.
Counts nine and eleven (unjust enrichment)
Ceci Bros. moves to strike counts nine and eleven on the ground of legal insufficiency because they do not adequately allege facts to support a claim of unjust enrichment.
"Unjust enrichment is a very broad and flexible equitable doctrine . . . which has as its basis that it is contrary to equity and good conscience for the defendant to retain a benefit which has come to him at the expense of the plaintiff. . . . Its three basic requirements are (1) that the defendants were benefited, (2) that the defendants unjustly did not pay the plaintiffs for the benefits, and (3) that the failure of payment was to the plaintiffs' detriment. . . . All the facts of each case must be examined to determine whether the circumstances render it just or unjust, equitable or inequitable, conscionable or unconscionable, to apply the doctrine." (Citations omitted.)Eastern Metal Products, Inc. v. Deperry, 44 Conn. App. 60, 61-62,686 A.2d 1003 (1997).
Count nine alleges that Ceci Bros. charged Five Twenty-One for the topsoil which it brought onto the property (¶ 7), which it later removed (¶ 8), and has therefore been unjustly enriched by the amount of the cost of the topsoil. Count eleven alleges that Ceci Bros. performed work that it should have known was not necessary (¶ 6), charged Five Twenty-One for this work (¶ 7), and that Five Twenty-One paid for this unnecessary work (¶ 8).
These counts do not allege any benefit by Ceci Bros. that CT Page 6892 could support the contention that it was unjustly enriched. Count nine merely alleges that Five Twenty-One was billed for goods that were later removed. There are no allegations that Five Twenty-One actually paid for this topsoil. Count eleven alleges that Five Twenty-One paid Ceci Bros. for services that were performed. That Ceci Bros. provided the paid for services, even if the necessity of those services is in dispute, does not mean that Ceci Bros. was unjustly benefited. Without allegations of benefit to Ceci Bros., the claim of unjust enrichment is incomplete. The plaintiff's motion to strike counts nine and eleven of the counterclaim is granted
Helmsley's motion to strike counts two and four be denied without prejudice, pending repleading.
Ceci Bros.' motion to strike counts two and twelve is denied without prejudice, pending repleading.
Ceci Bros.' motion to strike counts three, four, nine, and eleven is granted on the ground of legal insufficiency.
Ceci Bros.' motion to strike count eight is denied on the ground of legal insufficiency.
Ceci Bros.' motion to strike count ten is denied, as it was challenged only as improperly joined.
HICKEY, J.