[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum of Decision on Defendant'sMotion to Strike all Counts of the Revised Complaint
This appears to be a case of first impression, at least as to the interpretation of CGS Sec. 31-49.
Plaintiff has brought this action claiming that he was wrongfully terminated from his employment by the defendant. He has brought it in six counts, claiming (1) violation of CGS Sec.31-49, (2) breach of his employment contract, (3) negligent infliction of emotional distress, (4) defamation, (5) negligent supervision of its employees, and (6) violations by the defendant of public policies.
Standard of Review
The purpose of a motion to strike is to "contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted". NovametricsMedical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210, 214-15,618 A.2d 25 (1992). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Citations Omitted.) Id. 215.
Count I: Violation of CGS Sec. 31-49
CT Page 695
CGS Sec. 31-49 provides, in pertinent part, as follows: "CareRequired of a Master for his Servant's Safety. It shall be the duty of the master to exercise reasonable care to provide for his servant a reasonably safe place in which to work, reasonably safe appliances and instrumentalities for his work and fit and competent persons as his colaborers . . . ."
It is well settled law in our state that "Where the wording is plain, courts will not speculate as to any supposed intention . . ." Robinson v. Unemployment Security Board ofReview, 181 Conn. 1, 6 (1980). Further, Sec. 1-1 of the Connecticut General Statutes states in pertinent part: "In the construction of the statutes, words and phrases shall be construed according to the commonly approved usage of the language . . ." The plain reading of the language of CGS Sec. 31-49
is that the employer must exercise reasonable care to provide for is employee a safe place in which to work . . . . and fit and competent colaborers. Defendant claims that this statute is limited to physical danger, not the danger of emotional distress. A plain reading of the statute using common usage of the wording does not distinguish between physical injury and emotional distress. It merely requires a safe place in which to work. This court concludes, therefore, that this statute requires the employer to provide to the employee a place in which to work free of physical danger and free of exposure to emotional and/or mental distress. There is no legislative history to this statute, it first having been adopted in 1902 when legislative history was not maintained. However, there is no reason to look at the legislative history since the statute is clear on its face that the employee must be provided with a safe place in which to work, and this court holds that that includes a place which is free from danger from emotional and/or mental illness as well as physical illness. Further, the employer, under this statute, is to provide a work place that has fit and competent colaborers or coworkers. The allegations in the first count include a claim that a co-worker of the plaintiff. Tanya Gwynn, inflicted emotional distress on the plaintiff with derogatory and sarcastic comments. It is further alleged that despite the plaintiffs complaints to Ms. Gwynn's superiors, Ms. Gwynn was appointed as his supervisor. The complaint further alleges that the plaintiff was emotionally and physically upset by the treatment he had received.
The defendant also claims that plaintiff has not alleged that the defendant's work place was not a safe place to work or that CT Page 696 his coworkers were not competent. In fact he has alleged that his coworker was not fit or competent by her use of sarcasm and derogatory comments to the plaintiff, this being a reasonable interpretation of the complaint, and he has alleged that as n result of the treatment he received from his coworker and her supervisors he suffered emotional and physical distress. This is contained in paragraph 20 which states, inter alia: "Plaintiff was emotionally and physically upset by the treatment he had received from defendant . . ." emphasis added. The statute contains the words "a safe place in which to work". Plaintiff here has in effect alleged a hostile environment work place which caused him serious emotional distress as well as physical distress.
Assuming arguendo that plaintiff was not alleging physical distress, but only emotional distress, that is sufficient to violate the statute in light of the rules of statutory construction as discussed above. Further, to have a coworker, who later became the plaintiff s supervisor. engage in derogatory and sarcastic comments to the plaintiff is a violation of the statutory mandate to provide "fit and competent colaborers".
Defendant cites Parsons v. United Technologies Corp.,243 Conn. 66, 80 (1997) for the proposition that the statute applies under conditions that "pose a substantial risk of death, disease or serious physical harm . . .". However, that case involved a UTC employee being assigned to a military installation which was serving as the main staging area for the allied war planes that were based in Bahrain and was, therefore, in the area of the Gulf War, and the employee was discharged for refusing to work under conditions that posed a substantial risk of death, disease or serious physical harm. Because it was a war zone and the employee had refused to work there because of fear for his physical safety, the court commented solely upon the issue of physical safety. That does not mean that it intended to exclude the danger of emotional distress. It followed the reasons given by that employee. In short, Parsons v. United Technologies Corp. supra, does not interpret the subject statute as being limited only to physical harm. Again, this court concludes that subjecting the employee to emotional distress as a result of the conditions of the work place is violative of CGS Sec. 31-49. Accordingly, the court concludes that plaintiff, in the case at bar, has adequately pleaded a cause of action, and, therefore, the motion to strike Count I is denied.[1]
CT Page 697
Count II: Breach of Implied Contract of Employment.
Defendant contends that plaintiff was nothing more than an at will employee. However, that does not mean there was no implied contract of employment. If the employer sets forth an employment policy, in this case "a progressive disciplinary procedure" and "that termination would be only for cause", that constitutes an implied contract. It is verbal, except that there is evidence of the contract both by part performance and by the written policy, and even though it may be a unilateral contract, it is still a contract. Progressive disciplinary procedure is a step-by-step procedure giving the employee another chance or means to correct his allegedly ineffective or improper conduct. It is presumably something which the prospective employee considers when agreeing to go to work for the employer. It is, therefore, part of the employment contract, and if not followed would be a breach of the contract between the plaintiff and the defendant. Paragraphs 28, 30 and 31 of the second count sufficiently allege a contract between the parties and a violation thereof. Accordingly, the motion to strike Count II is denied.
Count III: Negligent Infliction of Emotional Distress.
In Parsons, supra, at page 88, the court states: "We first recognized a cause of action for negligent infliction of emotional distress in Montinieri v. Southern New EnglandTelephone Co., 175 Conn. 337, 345, 398 A.2d 1180 (1978)." In paragraph 28 of Count III plaintiff alleges what is considered sufficient under Parsons, supra, at page 88, where he alleges "Defendant knew or should have known that its above-described conduct would unreasonably risk the infliction of emotional distress resulting in the possibility of illness or bodily harm".Parsons, supra, states in pertinent part: ". . . in order to state such a claim, the plaintiff has the burden of pleading that `the defendant should have realized that its conduct involved an unreasonable risk of causing emotional distress and that distress, if it were caused, might result in illness or bodily harm". "Parsons, supra, further states that such cause of action in the employment context arises only where it is based upon unreasonable conduct of the defendant in the termination process'". Paragraphs 1 through 27, which are incorporated by reference in Count III, clearly set forth unreasonable conduct in the termination process. Considering the complaint in the light most favorable to the plaintiff and mindful of the statement inParsons previously described on page 5, footnote 1 hereof, this CT Page 698 court concludes that Count III is sufficient to state a cause of action for negligent infliction of emotional distress.
Accordingly, the motion to strike Count III is denied.
Count IV: Defamation.
Defendant claims that under this count, the plaintiff has not alleged sufficient facts to state a cause of action in defamation because it is lacking as to what words constituted the defamation, to whom the words were published and how and when they were published. The court agrees that this count is not sufficiently specific in view of the missing words and descriptions. Accordingly, the motion to strike Count IV is granted.
Count V: Negligent Supervision of Employees.
Defendant claims that this count does not sufficiently allege a duty by the defendant to the plaintiff to adequately supervise the employees to prevent emotional distress. Gutierrez v. Thorne,13 Conn. App. 493 (1988), permits a cause of action for negligent supervision of employees. In the first 27 paragraphs, the plaintiff alleges actions by employees that go beyond derogatory and sarcastic remarks, and it is clear from these allegations that the appropriate personnel, including the president of the company, knew about these remarks and the allegedly improper way in which the plaintiff's complaints were being handled. The allegations in paragraph 28 are that the defendant knew or should have known of the conduct and the susceptibility of the plaintiff to distress as a result thereof but failed to adequately supervise these other employees and failed to prevent or stop their treatment of the plaintiff. Paragraph 28, although not using the word "duty" can clearly be construed as alleging that the defendant in failing to adequately supervise the employees had a duty to adequately supervise them. Knowing what the defendant knew and failing to adequately supervise them constitutes sufficient allegations for a cause of action of negligent supervision of employees. Under Gutierrez, supra, at page 500, the issue would appear to be whether a duty exists to use care is the foreseeability of harm. This issue is ultimately for the trier of fact as stated in Gutierrez. However, the plaintiff, in the case at bar, by alleging that the defendant not only knew of the conduct but also plaintiff s susceptibility to distress is certainly an allegation that the harm was CT Page 699 foreseeable. Again, taking the complaint in the light most favorable to the plaintiff and for the reasons aforementioned inParsons, supra, Count V is sufficient in its allegations to constitute a cause of action for negligent supervision of employees. Accordingly, the motion to strike Count V is denied.
Count VI: Violation of Public Policies.
Defendant claims that the source of the public policies the violations of which the plaintiff complains are not set forth by statute or any other way. The court agrees with the defendant. Plaintiff has not sufficiently cited the statutes which promulgate the public policy. If it is a statute that calls for compensation to the plaintiff, then, perhaps, there is an adequate remedy at law. Nonetheless, the public policy which is being violated should be clearly defined, the source of it should be defined, and, of course, the, violation. As far as the implied covenant of good faith and fair dealing, that would go along with a breach of the contract of employment and could be pleaded in a separate count in that the law recognizes that as a cause of action although not necessarily having been stated as public policy. Because the source of the public policies is not identified, and the lack of statutory citations, the sixth count lacks a sufficient statement of facts to support a cause of action for violation of public policies. The motion to strike Count VI of the complaint is granted.
In sum, the motion to strike Counts I, II, III, and V is denied, and the motion to strike Count IV and Count VI is granted.
RITTENBAND, J.