[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE FIRST AMENDED COMPLAINT
The plaintiff, Leslie Derrig, has filed a three count amended complaint against the defendants, Thomas Regional Directory Co. (TRD) and Edward Berberich, for damages arising out of TRD's termination of a licensee agreement between the plaintiff and TRD. The amended complaint alleges the following facts:
In October of 1995, the plaintiff contracted to be a licensee to obtain advertising for TRD, a New York corporation. A copy of the contract is attached to the amended complaint. In March of 1997, TRD placed Berberich, an agent of TRD, in a supervisory position over the plaintiffs sales territory. Subsequently, Berberich openly announced that he would "get rid of" the plaintiff despite her "stellar" performance under the terms of the contract. See First Amended Complaint, Count One, ¶ 9. Acting pursuant to his alleged plan to get Berberich refused to provide the plaintiff with necessary support and administrative assistance under the contract, and transferred the plaintiff's accounts to other licensees. In May of 1998, TRD, through Berberich, terminated its contract with the plaintiff without proper notice under the contract, and refused payment of amounts due the plaintiff.
The first count of the amended complaint alleges breach of contract against TRD. The second count alleges negligent supervision against TRD for failing to adequately supervise Berberich. The third count alleges a violation of the Connecticut Unfair Trade Practices Act (CUTPA) against TRD.[1]
CT Page 7945
On March 12, 1999, the defendants filed a motion to strike the amended complaint on the basis that counts one through three fail to state claims upon which relief may be granted.[2] On April 1, 1999, the plaintiff filed an objection to the motion to strike.
"The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any [complaint] to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Peter-Michael, Inc. v. Sea Shell Associates,244 Conn. 269, 270, 709 A.2d 558 (1998) "The role of the trial court [is] to examine the [complaint], construed in favor of the [plaintiff], to determine whether the [pleading party has] stated a legally sufficient cause of action." Dodd v. Middlesex MutualAssurance Co., 242 Conn. 375, 378, 698 A.2d 859 (1997). The motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Emphasis omitted.) Mingachos v. CBS,Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985). "In deciding upon a motion to strike a trial court must take the facts to be those alleged in the complaint . . . and cannot be aided by the assumption of any facts not therein alleged." (Citations omitted; internal quotation marks omitted.) Liljedahl Brothers, Inc. v.Grigsby, 215 Conn. 345, 348, 576 A.2d 149 (1990). The court "must construe the complaint in the manner most favorable to sustaining its legal sufficiency." Bhinder v. Sun Co., 246 Conn. 223, 226,717 A.2d 202 (1998). Therefore, the court must view the facts "in a broad fashion, not strictly limited to the allegations, but also including the facts necessarily implied by and fairly probable under them." (Internal quotation marks omitted.) Zellerv. Mark, 14 Conn. App. 651, 654, 542 A.2d 752 (1988). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp. , 240 Conn. 576,580, 693 A.2d 293 (1997).
 A
The defendants argue that the court should grant its motion to strike the first count of the complaint because the first count fails to state a claim for breach of contract.
The parties agree that the contract at issue is governed by New York law. See First Amended Complaint, Exhibit A, ¶ 13 CT Page 7946 (choice of law provision of agreement). "The essential elements of an action for breach of contract under New York law are (1) formation of a contract between the parties, (2) plaintiff's performance, (3) defendant's failure to perform, and (4) resulting damages to plaintiff." Litton Industries, Inc. v.Lehman Brothers Kuhn Loeb Inc., 767 F. Sup. 1220, 1227 (S.D.N Y 1991), rev'd on other grounds, 967 F.2d 742 (2d Cir. 1992). "In order to plead a breach of contract cause of action, a complaint must allege the provisions of the contract upon which the claim is based. . . ." (Citation omitted.) Atkinson v. Mobil Oil Core.,205 App.Div.2d 719, 720, 614 N.Y.S.2d 36 (1994)
The defendants argue that the plaintiff has failed to allege facts demonstrating a contractual obligation requiring TRD to render support and assistance to the plaintiff or to refrain from reassigning accounts. In addition, the defendants argue that the plaintiff has failed to specify what amounts are owed to her or the reasons why TRD is obligated to pay her. Thus, according to the defendants, the plaintiff has failed to allege facts demonstrating that TRD breached any contractual obligations owed to her.
Despite, some nonessential deficiencies in the allegations of the complaint, the plaintiff has properly alleged that TRD violated ¶ 10 of the contract by failing to give her notice of the termination of the contract. See First Amended Complaint, Count One, ¶ 14 Exhibit A, ¶ 10. Moreover, contrary to the defendants' argument, the plaintiff has alleged sufficient facts in ¶ 15 of the first count to support a claim for breach of contract. In ¶ 15, the plaintiff alleges that TRD "refused payment of amounts due and payable to the plaintiff in violation of [¶] 8 of" the contract. First Amended Complaint, Count One, ¶ 15. The complaint clearly alleges the provisions of the contract upon which the claim is based. Although the defendants argue that the plaintiff has failed to specify what amounts are owed to her or the reasons why TRD is obligated to pay her, such allegations are not necessary for the plaintiff to properly state a claim for breach of contract. Indeed, pleadings need only "contain a plain and concise statement of the material facts on which the pleader relies, but not the evidence by which they are to be proved. . . ." Practice Book § 10-1; see also Practice Book § 10-2 ("contracts may be stated according to their legal effect, but in so doing the pleading should be such as fairly to apprise the adverse party of the state of facts which it is intended to prove"). There is no requirement that the plaintiff CT Page 7947 plead the precise amounts owed to the plaintiff. It can be inferred from the allegations in the complaint that the plaintiff performed work for TRD pursuant to the contract for which she was not paid. This properly states a claim for breach of contract under ¶ 8 of the agreement, pursuant to which TRD was obligated to compensate the plaintiff for worked performed. Accordingly, the motion to strike the first count on this basis is denied.
The defendants also argue that the court should grant its motion to strike count one of the complaint because the "plaintiff's references to the implied covenant of good faith and fair dealing do not allow [the] plaintiff to maintain a breach of contract claim as this implied covenant cannot operate to create new contractual rights between the contracting parties." Defendants' Memorandum of Law in Support cf Motion to Strike, p. 10. As discussed supra, since the plaintiff's breach of contract claim otherwise withstands a motion to strike, the issue of whether a claimed breach of the implied covenant of good faith and fair dealing is sufficient to establish a breach of contract need not be addressed.
 B
The defendants seek to strike the second count of the complaint on the grounds that the second count fails to state a claim for negligent supervision. The defendants assert that any duty that TRD owed to the plaintiff was contractual and, therefore, "[t]here is no basis for finding that a separate duty, grounded in tort, may be imposed upon [TRD] in connection with its performance under the agreement with [the] plaintiff." Defendants' Memorandum of Law in Support of Motion to Strike, p. 12.
To state a cause of action for negligent supervision, a plaintiff must ordinarily plead and prove injury by the defendant's own negligence in failing to properly supervise an employee or agent who the defendant had a duty to supervise and who the defendant knew or should have known would cause the injury. See Brunelle v. Reuters Analytics Inc., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 566808 (January 29, 1998, Rittenband, J.) (21 Conn. L. Rptr. 365);Surowiec v. Security Forces, Inc., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 547875 (May 24, 1995, Sheldon, J.) (discussing negligent hiring). "In such instances, the defendant's liability is not vicarious, but CT Page 7948 direct and personal." Surowiec v. Security Forces, Inc., supra, Superior Court, Docket No. 547875, citing Stiebitz v. Mahoney,144 Conn. 443, 447, 143 A.2d 71 (1957).
In count two of her first amended complaint, the plaintiff alleges that Berberich was an agent of TRD, that she "notified TRD that Berberich was engaging in" wrongful conduct, that "TRD had a duty to intervene with Berberich's unprofessional and detrimental conduct toward the plaintiff and to adequately supervise Berberich's interactions with the plaintiff," that "TRD failed to intervene . . . and adequately supervise" Berberich and, as a result, the plaintiff suffered injury. See First Amended Complaint, Count Two, ¶¶ 1, 13-15.
The defendants cite no authority for their argument that there can be no "separate duty, grounded in tort" if there exists a contractual relationship between the parties. Although not expressly stated by the defendants, their argument appears to rely on the plaintiff's alleged status as an independent contractor.
Indeed, "[t]he existence of a duty of care is an essential element of negligence." Calderwood v. Bender, 189 Conn. 580, 584,457 A.2d 313 (1983). "Where there is no legal duty, there can be no actionable negligence." Neal v. Shiels, Inc., 166 Conn. 3, 12,347 A.2d 102 (1974). "A duty to use care may arise from . . . circumstances under which a reasonable person, knowing what he knew or should have known, would anticipate that harm of the general nature of that suffered was likely to result from his act or failure to act." (Internal quotation marks omitted.) Burns v.Board of Education, 228 Conn. 640, 646, 638 A.2d 1 (1994). "The existence of a duty is a question of law and only if such a duty is found to exist does the trier of fact then determine whether the defendant violated that duty in the particular situation at hand." (Internal quotation marks omitted.) Mendillo v. Board ofEducation, 246 Conn. 456, 483, 717 A.2d 1177 (1998)
"The ultimate test of the existence of the duty to use care is found in the foreseeability that harm may result if it is not exercised. . . . By that [it] is not meant that one charged with negligence must be found actually to have foreseen the probability of harm or that the particular injury which resulted was foreseeable, but the test is, would the ordinary [person] in the defendant's position, knowing what he knew or should have known, anticipate that harm of the general nature of that CT Page 7949 suffered was likely to result?" (Internal quotation marks omitted.) Jaworski v. Kiernan, 241 Conn. 399, 405, 69G A.2d 332 (1997). "The matter of foreseeability is a question of proximate cause"; Gutierrez v. Thorne, 13 Conn. App. 493, 500, 537 A.2d 527
(1988); and "[t]he question of proximate causation generally belongs to the trier of fact because causation is essentially a factual issue. . . . It becomes a conclusion of law only when the mind of a fair and reasonable [person] could reach only one conclusion; if there is room for a reasonable disagreement the question is one to be determined by the trier as a matter of fact." (Citations omitted; internal quotation marks omitted.)Stewart v. Federated Department Stores, Inc., 234 Conn. 597,611, 662 A.2d 753 (1995)
Taken in a light most favorable to the plaintiff, the allegations in count two of the first amended complaint sufficiently state a cause of action for negligent supervision. The allegations assert that TRD owed the plaintiff a duty to properly supervise Berberich and that TRD breached that duty by failing to take measures to prevent injury to the plaintiff that TRD knew or should have known would result from Berberich's conduct. In any event, it is impossible to determine as a matter of law, on a motion to strike, that the minds of fair and reasonable persons could reach only one conclusion regarding TRD's duty (or lack thereof) to the plaintiff. Accordingly, defendants' motion to strike the second count of the first amended complaint is denied.
 C
Finally, the defendants argue that the court should grant its motion to strike count three of the complaint, alleging a violation of CUTPA, because the plaintiff has failed to allege either substantial aggravating circumstances or any type of consumer relationship between the plaintiff and TRD. The plaintiff responds that her complaint sufficiently alleges "intentional, unfair, unscrupulous and bad faith actions on the part of . . . Berberich, an employee and agent of TRD," and, accordingly, her CUTPA claim alleges more than a simple breach of contract. Plaintiff's Objection to Motion to Strike, p. 9. The plaintiff also argues that a CUTPA claim "is not limited to conduct involving consumer injury and that a competitor or other business person can maintain a CUTPA action without showing consumer injury." Id., 10. CT Page 7950
"It is well settled that in determining whether a practice violates CUTPA [the Connecticut Supreme Court has] adopted the criteria set out in the `cigarette rule' by the federal trade commission for determining when a practice is unfair: (1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise-in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers, [competitors or other business persons]. . . . All three criteria do not need to be satisfied to support a finding of unfairness. A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three." (Internal quotation marks omitted.) Willow SpringsCondominium Assn., Inc. v. 7th BRT Development Corp. , 245 Conn. 1,43, 717 A.2d 77 (1998).
"`A simple breach of contract, even if intentional, does not amount to a violation of [CUTPA]; a [claimant] must show substantial aggravating circumstances attending the breach to recover under the Act. . . .' Bartolomeo v. S.B. Thomas, Inc.,889 F.2d 530, 535 (4th Cir. 1989); United Roasters, Inc. v.Colgate-Palmolive Co., 649 F.2d 985, 992 (4th Cir. 1981) . . ." (Citation omitted.) Emlee Equipment Leasinq Corp. v. WaterburyTransmission. Inc., 41 Conn. Sup. 575, 580, 595 A.2d 951 (1991). "Moreover, [a] simple contract breach is not sufficient to establish a violation of CUTPA . . . where a count simply incorporates by reference the breach of contract claim and does not set forth how or in what respect the defendant's activities are either immoral, unethical, unscrupulous, or offensive to public policy." (Internal quotation marks omitted.) CeciBrothers, Inc. v. Five Twentyone Corp. , Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 150073 (June 20, 1997, Hickey, J.) (19 Conn. L. Rptr. 645, 647). However, where the plaintiff pleads "more than a simple breach of contract"; CNF Constructors, Inc. v. Culligan Water ConditioningCo., Superior Court, judicial district of New Haven at Meriden, Docket No. 242302 (September 9, 1993, Blue, J.) (8 C.S.C.R. 1057); "the same facts that establish a breach of contract claim may be sufficient to establish a CUTPA violation." Lester v.Resort Camplands International, Inc., 27 Conn. App. 59, 71,605 A.2d 550 (1992). "`CUTPA may be violated by conduct constituting something more than a simple breach of contract but less than a CT Page 7951 traditional tort claim. The circumstances in which CUTPA may be violated by conduct that also breaches a contract or contracts are, however, unclear. Every breach of contract could be treated as an unfair act. Such a result, however, would be likely to have very significant commercial consequences.'" United ArtistsTheatre Circuit, Inc. v. Groton Shoppers Mart, Superior Court, judicial district of New London at New London, Docket No. 530997 (February 7, 1996, Hurley, J.), quoting 1 R. Langer, J. Morgan 
D. Belt, The Connecticut Unfair Trade Practices Act (1994), p. 114.
In support of her CUTPA claim, the plaintiff incorporates by reference ¶¶ 1 through 12 of count one. In ¶¶ 9 through 11, the plaintiff alleges that Berberich "announced that he would `get rid of'" the plaintiff, that acting upon this plan he "refused to provide the support and administrative assistance that the plaintiff needed . . . which . . . was a necessary part of the . . . contractual relationship. . and which . . . was given to all other licensees of TRD," and that "[s]uch refusal of support was undertaken in bad faith or in . . . willful disregard of the contractual rights of the plaintiff." First Amended Complaint, Count Three, ¶¶ 9 through 11. In ¶ 12, the plaintiff alleges that in furtherance of his plan to get rid of her, Berberich also "summarily, intentionally, and in bad faith transferred all of [her] accounts from her to other licensees." Id., ¶ 12. In ¶ 13 of the third count, the plaintiff alleges, inter alia, that TRD violated CUTPA by summarily terminating her "in a bad faith attempt to avoid fairly and justly compensating [her]" and by "unscrupulously [appropriating her] work product by reassigning . . . accounts to more favored licensees without giving [her] any fair warning, and fair opportunity to redress any existing concerns, or any fair opportunity to notify her clients prior to the transfer." Id., ¶¶ 13(B) (D). Finally, in ¶¶ 13(E) and (F), the plaintiff alleges that, "[a]cting on his plan to `get rid of' the plaintiff, Berberich intentionally and maliciously made false statements about the plaintiff's work efforts, professional abilities, and general character . . . to other licensees and to various client accounts in the trade."
Whether the plaintiff's allegations will turn out to be unfounded or de minimus at trial is of no moment because at the present stage, on a motion to strike, the facts must be construed in the manner most favorable to the pleader. See CNFConstructors, Inc. v. Culligan Water Conditioning Co., supra,8 C.S.C.R. 1057. As alleged, count three sufficiently sets forth CT Page 7952 how and in what respect TRD's activities are immoral, unethical, unscrupulous or offensive to public policy and, accordingly, the motion to strike on the basis that the plaintiff has failed to allege sufficient aggravating circumstances is denied.
The defendants also argue that the plaintiff has failed to allege any type of consumer or competitor relationship between the parties and, therefore, the motion to strike should be granted on this basis. The plaintiff responds that because competitors and other business persons can bring claims under CUTPA, the plaintiff has properly stated a cause of action.
As indicated supra, the "cigarette rule" provides three criteria useful for determining whether a particular practice is unfair. One of those criteria is whether the practice "causes substantial injury to consumers, [competitors or otherbusinesspersons]." (Emphasis added; internal quotation marks omitted.) Willow Springs Condominium Assn., Inc. v. 7th BRTDevelopment Corp. , supra, 245 Conn. 43. Indeed, "CUTPA imposes no requirement of a consumer relationship. " Larsen Chelsey RealtyCo. v. Larsen, 232 Conn. 480, 496, 656 A.2d 1009 (1995). "`CUTPA is not limited to conduct involving consumer injury' and . . . `a competitor or other business person can maintain a CUTPA cause of action without showing consumer injury.'" Id., quotingMcLaughlin Ford, Inc. v. Ford Motor Co., 192 Conn. 558, 556, 567,473 A.2d 1185 (1984). "CUTPA is remedial in character . . . and must be liberally construed in favor of those whom the legislature intended to benefit." (Internal quotation marks omitted.) Service Road Corp. v. Quinn, 241 Conn. 630, 637,698 A.2d 258 (1997).[3]
The plaintiff has alleged that the defendants' conduct, an alleged unfair trade practice, has injured her in her business. Construing the allegations of the complaint in a light most favorable to the plaintiff, the defendants' motion to strike on the basis that the plaintiff has not properly alleged a consumer or competitor relationship is also denied because "[t]he defendants' alleged conduct, if proven, may constitute conduct which falls within the wide range of conduct prohibited by CUTPA." L'Altrella v. Weight Watchers International, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 334348 (March 16, 1998, Melville, J.), citing AssociatedInvestment Co. v. Williams Associates IV, 230 Conn. 148, 172,645 A.2d 505 (1994) (Katz, J., dissenting); see also Murphy v. Ball, Superior Court, judicial district of New Haven at New Haven, CT Page 7953 Docket No. 331657 (October 7, 1996, Corradino, J.) (17 Conn. L. Rptr. 689).
Accordingly, the motion to strike the plaintiff's complaint is in all respects denied.
Peck, J.